851 So.2d 762 (2003)
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Appellant,
v.
CENTRAL FLORIDA PHYSIATRISTS, P.A., Appellee.
No. 5D02-826.
District Court of Appeal of Florida, Fifth District.
June 27, 2003.
Certification Denied August 8, 2003.
*763 Bruce Allen Aebel, W. Donald Cox and Charles Tyler Cone of Fowler White Boggs Banker, P.A., Tampa, and Richard Godfrey of Kirkland & Ellis LLP, Chicago, Illinois for Appellant.
Gregory A. Victor of Adorno & Yoss, P.A., Miami, Amicus Curiae ADP Integrated Medical Solutions, Inc., on behalf of Appellant.
David B. Shelton of Rumberger Kirk & Caldwell, Orlando and Peter J. Valeta of Ross & Hardies, Chicago, Illinois, Amicus Curiae, Allstate Insurance Co. and Florida Defense Lawyers Assoc., on behalf of Appellant.
George A. Vaka of Vaka, Larson & Johnson, P.L., Tampa, and Donald A. Myers of Bailey & Myers, P.A., Maitland, for Appellee Central Florida Physiatrists, P.A.
William F. Merlin, Jr., and Mary E. Kestenbaum of Gunn Merlin, P.A., Tampa *764 Amicus Curiae, The Academy of Florida Trial Lawyers, on behalf of Appellee.
Laura M. Watson of Watson & Lentner, Ft. Lauderdale, Amicus Curiae, The Florida Hospital Assoc. & the Florida Orthopaedic Society, on behalf of Appellee.
Eric Lee of Lee & Amtzis, P.L., Deerfield Beach, Amicus Curiae, Florida Medical Assoc., on behalf of Appellee.
PALMER, J.
Nationwide Mutual Fire Insurance Company (Nationwide) appeals the summary judgment entered by the county court in favor of Central Florida Physiatrists (CFP). The judgment required that Nationwide pay CFP the reasonable and necessary medical expenses incurred by Nationwide's PIP insured, not the reduced PPO amount for such services, because Nationwide had failed to comply with the provisions of section 627.736(10) of the Florida Statutes (1999) which authorized the payments of PPO amounts. The court also certified the following question to this court as being of great public importance:
IS AN INSURER REQUIRED TO COMPLY WITH THE PROVISIONS OF SECTION 627.736(10), FLA. STAT. (1999) IN ORDER TO TAKE PREFERRED PROVIDER REDUCTIONS IN THE PAYMENT OF PIP BENEFITS FOR MEDICAL SERVICES RENDERED TO ITS INSUREDS?
Finding no error, we affirm the county court's summary judgment order and answer the certified question in the affirmative.[1]
CFP filed suit against Nationwide in county court seeking payment for medical services provided to Nationwide's PIP insured, Therese Jivoin. The pleadings explained that Jivoin had received medical treatment from CFP for injuries she sustained in an automobile accident. The payment for such treatment was covered by Jivoin's PIP policy. When Nationwide refused to pay the full amount charged by CFP for Jivoin's medical care, Jivoin assigned her rights to receive such payment to CFP. CFP, as assignee, thereafter sought recovery of the amount still owing on Jivoin's bill, as well as attorney's fees and costs. Nationwide defended, alleging that since CFP was a participating medical provider in the Beech Street PPO (a health care management provider), CFP was only entitled to be reimbursed at agreed PPO rates (not the PIP statutory rate of 80% of the usual, customary and related charges as set forth in section 627.736(1) of the Florida Statutes) because Nationwide was also a member of the Beech Street PPO.
CFP moved for summary judgment, alleging that since Nationwide had not directly contracted with CFP to be a part of a PPO, had not complied with the requirements of section 627.736(10)of the Florida Statute (1999), and had not sold Jivoin a PPO policy, Nationwide was not entitled to pay at the reduced PPO rate.
In entering summary judgment in favor of CFP, the trial court concluded that section 627.736(10) of the Florida Statutes (1999) provides the exclusive means by which an insurance company can pay PPO rates for PIP benefits, and that since Nationwide had failed to comply with the terms of the statute, it was not entitled to pay CFP at the reduced PPO rate. We agree.
Section 627.736 of the Florida Statutes (1999) provides, in pertinent part, as follows:

*765 627.736. Required personal injury protection benefits; exclusions; priority; claims
(1) Required benefits.  Every insurance policy complying with the security requirements of s. 627.733 shall provide personal injury protection to the named insured, relatives residing in the same household, persons operating the insured motor vehicle, passengers in such motor vehicle, and other persons struck by such motor vehicle and suffering bodily injury while not an occupant of a self-propelled vehicle, subject to the provisions of subsection (2) and paragraph (4)(d), to a limit of $10,000 for loss sustained by any such person as a result of bodily injury, sickness, disease, or death arising out of the ownership, maintenance, or use of a motor vehicle as follows:
(a) Medical benefits.  Eighty percent of all reasonable expenses for medically necessary medical, surgical, X-ray, dental, and rehabilitative services, including prosthetic devices, and medically necessary ambulance, hospital, and nursing services.
* * *
(10) An insurer may negotiate and enter into contracts with licensed health care providers for the benefits described in this section, referred to in this section as "preferred providers," which shall include health care providers licensed under chapters 458, 459, 460, 461, and 463. The insurer may provide an option to an insured to use a preferred provider at the time of purchase of the policy for personal injury protection benefits, if the requirements of this subsection are met. If the insured elects to use a provider who is not a preferred provider, whether the insured purchased a preferred provider policy or a nonpreferred provider policy, the medical benefits provided by the insurer shall be as required by this section. If the insured elects to use a provider who is a preferred provider, the insurer may pay medical benefits in excess of the benefits required by this section and may waive or lower the amount of any deductible that applies to such medical benefits. If the insurer offers a preferred provider policy to a policyholder or applicant, it must also offer a nonpreferred provider policy. The insurer shall provide each policyholder with a current roster of preferred providers in the county in which the insured resides at the time of purchase of such policy, and shall make such list available for public inspection during regular business hours at the principal office of the insurer within the state.
§ 627.736(1)(a)(10), Fla. Stat. (1999).
Section 627.736(10) provides the sole language relating to the availability of PPO benefits in PIP cases. Said language is precise and limited in scope, thereby indicating the legislature's intent that the availability of PPO PIP benefits is subject to strict compliance with the terms of subsection (10). The plain language of the statute states that an insurance company is permitted to contract with licensed healthcare providers for PPO benefits, but the statute provides no specific authority for insurance companies to contract with PPO networks.
Nationwide raises several additional claims of error. First, Nationwide maintains that the trial court's ruling improperly "voided Nationwide's agreement with Beech Street to give Nationwide's PIP insureds access to treatment at PPO rates." Next, Nationwide contends that CFP lacks standing to assert a claim against Nationwide because no standing is granted to medical providers by the PIP statutes. Nationwide also argues that the *766 trial court erred in permitting CFP to invoke the terms of section 627.736(10) to void its agreement with Beech Street since the statute contains no private right of enforcement. We reject all these contentions as being without merit.
The trial court's ruling does not void the agreement between Nationwide and Beech Street, but merely holds that it is inapplicable under the facts presented in this case. Furthermore, it is undisputed that CFP asserted its breach of contract claim against Nationwide in its capacity as the assignee of Jivoin's rights under her PIP contract, not as a medical provider. As such, CFP possessed the same rights as Jivoin possessed vis a vis Nationwide, including the right to institute suit to enforce the terms of Jivoin's PIP contract. Similarly, it is clear from the record that CFP has not sought to invoke the terms of section 627.736(10), but rather is merely suing for recovery of benefits under the standard PIP statute, section 627.736(1), Florida Statutes (1999). Accordingly, it is irrelevant that section 627.736(10) does not contain a private right of enforcement.
In summary, Nationwide was required to comply with the provisions of section 627.736(10) in order to take advantage of the option of paying reduced PPO rates for payment of PIP benefits. Its failure to do so requires Nationwide to pay the statutorily mandated 80% of the reasonable and necessary expenses incurred on behalf of its insured. Accordingly, the order of the trial court is affirmed and the certified question is answered in the affirmative.
AFFIRMED.
SAWAYA and PLEUS, JJ., concur.
NOTES
[1] Jurisdiction over this matter is authorized under rule 9.160 of the Florida Rules of Appellate Procedure.